## 12613.   NORRIS *v.* THE STATE.

Under an indictment for an assault with intent to rape which also charges
a battery upon the person of the female in question, a verdict can
lawfully be returned either for an assault with intent to rape or for
a mere assault and battery. Where under such an indictment one is
convicted of the graver offense, an error in the charge of the court
upon the subject of an assault and battery does not necessarily require
another trial of the case.

DECIDED NOVEMBER 18, 1921.

Indictment for assault with intent to rape; from Clarke superior court — Judge Fortson. June 13, 1921.

*T. W. Rucker,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BROYLES, C. J.   The defendant was convicted of the offense of an assault with intent to rape, under an indictment therefor which also charged a battery. The court correctly and fully charged the law of an assault with intent to rape, but, while instructing the jury that if they did not find the defendant guilty of that charge they should consider whether he was guilty of the offense of an assault and battery, inadvertently charged them that "any touching of the person of another in anger or in lust or in any other unlawful way is a battery within the meaning of the law." This charge was error, for the mere touching of another in lust would not be a battery unless the touching was without the consent of the person touched. Plaintiff in error in his motion for a new trial claims that this error was prejudicial to him because he had admitted in his statement to the jury that he had touched the person of the female in question for the purpose of having sexual intercourse with her, but said that she had freely consented to the same; and that this error in the charge misled the jury and caused them to believe that even under his statement he was guilty of the offense of an assault with intent to rape. We cannot agree with this contention, for it is obvious that this erroneous portion of the charge was misleading to the jury upon the subject of *an assault and battery only,* and not upon the subject of an assault with intent to rape. It is evident that the jury believed the evidence for the State, which demanded a verdict of an assault with intent to rape, and rejected the defendant's statement, which showed only fornication and adultery; for if they had believed the statement in prefer-

ence to the evidence for the State, then, under the erroneous charge of the court upon the subject of an assault and battery, they would necessarily have returned a verdict for a mere assault and battery, and not for an assault with intent to rape.

No other error of law is complained of, and the evidence amply authorized, if it did not demand, the verdict returned.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. I cannot agree in the judgment of affirmance in this case. In my opinion, the excerpt from the charge of the court, of which complaint is made, was harmful error, and, the evidence not demanding the defendant's conviction, I think a new trial should result.